## 9738

AMERICAN COTTON OIL CO. v. SALUDA OIL MILL CO. *ET AL.*

(93 S. E. 14.)

CORPORATIONS—DIRECTORS—LIABILITY.—Where a sheriff paid execution sale proceeds to a corporation's director and treasurer, who distributed them among stockholders, all the directors are liable to an unpaid corporate creditor, even if the execution sale dissolved the corporation, since Civ. Code 1912, secs. 2814-2816, continues the directors of dissolved corporations as trustees to collect its assets and pay its debts.

Before HON. EDW. MCIVER, special Judge, Saluda, Fall term, 1916.   Reversed.

Action by the American Cotton Oil Company against Saluda Oil Mill Company and B. W. Crouch and others. Judgment for defendants, and plaintiff appeals.

*Messrs. Benet, Shand & McGowan* and *R. E. Carwile,* for appellant, cite: Civil Code, secs. 2814 to 2816.   *As to duties of trustees:* 81 S. C. 511; 28 A. & E. Enc. of L. 1068. *Liability to creditors of corporation:* 29 W. Va. 344; 1 S. C. 717; 39 Cyc. 296, 298; 28 A. & E. Enc. of L. 1050 and 1067; 2 Hill 500; Perry Trusts (2d ed.), secs. 433 and 863.

*Messrs. B. W. Crouch, C. J. Ramage* and *E. W. Able,* for respondents, cite: *As to liability of directors:* Clark Corporations 605, 606, 608, 609; 33 Am. Rep. 320.   *Acts as agent of sheriff:* Tiffany Agency 396, 402; Harp. L. 438; Meacham Agency, pp. 317 and 324, par. 539; 33 Am. Dec. 46; 66 Am. Dec. 316.   *No trust relation to creditors of corporation:* 3 Clark & Marshall Corp. 2317.   *Acts of directors: Ib.* 2224, 2225, 2226, 2097-2098.   *Theory of action:* Elliott The Advocate 60.

July 7, 1917.          •

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The Saluda Oil Mill Company shipped to the American Cotton Oil Company, the plaintiff, a certain lot of oil and drew a draft on the plaintiff for it. This draft was promptly paid. When the shipment arrived, it was found to be short in quality and quantity, and that the plaintiff had overpaid the amount due by $702.70. The Saluda Oil Mill Company was promptly notified of the shortage and as to the amount overpaid. Mr. Crouch, one of the defendants, was secretary and treasurer of the Saluda company, and wrote to the plaintiff:

"We expect to sell our entire plant the first Monday in July, in order to pay off all the debts * * * including your claim."

The plant of the Saluda company was sold by the sheriff under execution, and there was a surplus over the judgment debt of some $4,000. This amount was paid to Mr. Crouch, and by him paid out to the stockholders of the Saluda company. Mr. Crouch says that in receiving and paying out this money he acted, not as the treasurer and director of the corporation, but strictly as agent of the sheriff. This is an action for the $702.70 and interest thereon from the 21st day of April, 1917, and brought against the Saluda Oil Mill Company, a corporation, and its codefendants as directors and trustees of the Saluda company. The defendants claim that the corporation was dissolved by this sale. This is not material, however, as by the statute (Code 1912, secs. 2814-2816) the duties of directors of dissolved corporations are continued as trustees to collect the assets, pay the debts, and distribute the surplus. Mr. Crouch admits that he knew of the plaintiff's claim, but states that he did not know but that the debt had been paid.

Respondents say: "The whole question resolves itself into this: Did surplus fund arising from the sale of the Saluda Oil Mill property properly go into the hands of the officers and directors of Saluda Oil Mill Company as a trust

fund under the statute, or did said fund go into the hands of B. W. Crouch as agent of the sheriff?"

The answer to that question is that the money went into the hands of Mr. Crouch as treasurer of the Saluda Oil Mill Company as a matter of law, and it could not have gone into his hands in any other way. The law requires the sheriff to pay over any surplus in his hands to the judgment debtor after satisfying the executions in his hands. It is admitted that there was in this case a surplus of $4,000. It is also admitted that the sheriff did pay over this surplus to the officer of the Saluda company authorized to receive it. If there was any reason why the payment of this money to the treasurer of the defendant in execution was not a proper payment, then it should appear, and it does not appear.

The defendants have shown no authority in the sheriff to pay the debts of the defendant, other than execution debts, or to distribute the surplus among the stockholders. The statutes of this State make that the duty of the directors, and the sheriff cannot change the law. Even a stranger who comes into possession of a trust fund, with notice of the trust, is made by law a trustee. Even if Mr. Crouch had been a stranger and come into possession of this fund with notice of the trust, he would have been constituted by law a trustee. Mr. Crouch was not a stranger. He was not only a director and trustee, but the official treasurer of the company. These directors are made trustees of the fund, and when it was paid to him, it was paid to them, and when it was paid out by him, contrary to law, they are responsible for his acts. When it was admitted, therefore, that the treasurer had received the money and paid it out to stockholders and not the debts, then the directors are personally responsible, and the request to direct a verdict against all of the defendants should have been granted.

The judgment is reversed, and the case remanded to the Court of Common Pleas for Saluda county, and the judgment entered against all of the defendants.